UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LISA M. MANCINI,

        Plaintiff,

v.                                                        Case number 04-71546
                                                        Honorable Julian Abele Cook, Jr.

JO ANNE B. BARNHART, COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.

_____

## ORDER

On May 31, 2005, Magistrate Judge Steven Pepe submitted a report to the Court, in which he recommended that (1) the motion for summary judgment by the Defendant, Jo Anne B. Barnhart, Commissioner of Social Security, be granted, and (2) the motion for the entry of a similar form of dispositive relief that had been filed by the Plaintiff, Lisa M. Mancini, be denied. Believing that these recommendations were erroneous, Mancini has now filed her objections with the Court.

For the reasons that have been set forth below, the Court accepts Magistrate Judge Pepe's report without modification and, in so doing, rejects Mancini's objections.

I.

On March 28, 2000, Mancini filed an application for disability insurance benefits with the Social Security Administration, asserting that she developed a variety of disabling medical conditions (i.e., bi-polar disorder, affective disorder, lupus and asthma), which began around March 23, 2000. When her application for benefits was initially rejected, she sought and

obtained a de novo hearing before Administrative Law Judge Ethel Revels ("ALJ") who subsequently concluded that Mancini's quest for social security benefits should be denied. The Appeals Council affirmed. This lawsuit followed.

According to the applicable Federal Rule of Civil Procedure, "[t]he District Judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. Proc. 72(a). However, a review of the objections by an aggrieved party, such as Mancini, is limited to a determination of whether "the Commissioner has failed to apply the correct legal standards or has made findings of fact [that are] unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.,* 127 F.3d 525, 528 (6th Cir.1997).

In her objections, Mancini initially contends that Magistrate Judge Pepe erroneously concluded that the ALJ had (1) determined that Dr. Paul R. Savickas was not a treating source and (2) rejected some of Dr. Savickas' findings. This Court disagrees. An examination of the official record in this cause reveals that there is an ample quantity of evidence upon which to support the Magistrate Judge's findings. Dr. Savickas examined Mancini at the request of her attorney on four separate occasions in July and August 2002 - just prior to the administrative hearing before the ALJ on August 13, 2002. (R.324,333).

According to Title 20, Section 416.902 of the Code of Federal Regulations ("CFR"), a treating source is a "medical source who provides you, or has provided you, with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with you." In this case, Dr. Savickas did not begin his treatment of Mancini until well after she filed her application for social security benefits and shortly before her appearance before the ALJ. Under these circumstances, it was reasonable for Magistrate Judge Pepe to conclude that Dr. Savickas

(1) did not have an ongoing treatment relationship with Mancini, and (2) was a "nontreating source," as defined by the CFR.  Inasmuch as Magistrate Judge Pepe's conclusion relating to this issue is supported by the record, the Court does not find any reversible error in this point of contention.

In addition, Magistrate Judge Pepe concluded that the ALJ was not required to adopt Dr. Savickas' opinion in its entirety or give it controlling weight over countervailing evidence.  Nevertheless, it is Mancini's position that the Magistrate Judge reviewed this cause *de novo* in order to reach this conclusion.  The scope of this judicial review is limited to an examination of the official record.  Significantly, this review must neither be conducted on a *de novo* basis nor include issues relating to credibility.  *Brainard v. Secretary of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989).

Contrary to Mancini's argument and following its review of the official record, this Court concludes that Magistrate Judge Pepe's findings were not developed as a result of a *de novo* review of this cause.  Although the challenged administrative decision does not contain explicit determinations as to which of Dr. Savickas' findings were rejected by the ALJ, she did identify with reasonable specificity those conclusions that were ultimately accepted by her; namely, Mancini's (1) difficulty in working in stressful environments, (2) ability to work with other persons, (3) willingness to take criticism and respond to change, (4) constant mood fluctuations, (4) restlessness and anxiety, and (5) periods of irritability.  (R. 25).  The record in this cause also demonstrates that those conclusions of Dr. Savickas, which had been accepted by the ALJ, were incorporated into the hypothetical questions that were later submitted to the vocational expert.

Moreover, contrary to Dr. Savickas' opinion that Mancini could experience a high rate of absenteeism because of her maladies, Drs. David DeMuth and John S. Waddell concluded that

she was only moderately limited in her ability to complete a work week without interruption due to psychological based symptoms.  In countering Dr. Savickas' opinion, Dr. DeMuth found no evidence of a psychological condition that would impair Mancini's ability to make simple work-related decisions, accept instructions, get along with her co-workers, and maintain a socially acceptable interaction with the general public.  Hence, the record supports Magistrate Judge Pepe's conclusion that the ALJ did not adopt Dr. Savickas' opinion in its entirety, as alleged by Mancini.

The official record also supports Magistrate Judge Pepe's finding that Mancini rarely sought medical treatment and failed to comply with prescribed medical treatment. Nonetheless, she argues that this conclusion is based purely upon speculation. As illustrative of his conclusion, the Magistrate Judge points to a prescribed treatment program in which Dr. Beroza prescribed an anti-depressant medication, along with an instruction that she return to see him within a three week period.  There is no evidence in the record that she complied with either directive.  Thus, this argument by Mancini must be rejected.

Finally, Mancini challenges Magistrate Judge Pepe's determination that the ALJ did not comply with SSR 00-4p, which requires her, as the hearing officer, to inquire about any possible conflict between the vocational expert's evidence regarding the requirements of a job and the information in the Dictionary of Occupational Titles ("DOT").  The vocational expert testified at the hearing in this case that the classification of the jobs that he identified were consistent with the DOT with the exception of a non-intervening guard position which arose subsequent to the classification of the DOT.  (R. 444).  Thus, this Court does not find any error with Magistrate Judge Pepe's determination that the ALJ had complied with the requirements of SSR 00-4p.

Accordingly, the Court concludes that (1) Mancini's objections to the report of

Magistrate Judge Steven Pepe must be, and are, rejected, and (2) his recommendations within the challenged report are adopted without modification.  Hence, Mancini's Motion for Summary Judgment is denied, and the Motion for Summary Judgment of the Commissioner is granted.

IT IS SO ORDERED.

DATED: August 26, 2005                    s/ Julian Abele Cook, Jr.
       Detroit, Michigan                    JULIAN ABELE COOK, JR.
                                                          United States District Judge

Certificate of Service

     I hereby certify that on August 26, 2005,  I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

                                                        s/ Kay Alford
                                                        Courtroom Deputy Clerk